UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHMOND AUTO AUCTION )
OF VIRGINIA, INC., )
)
   *Plaintiff*, )
)
v. )   Civil Action No. 3:23-cv-176
)
HOPSON ACRES FAMILY )
MANAGEMENT, LLC, *et al.*, )
)
   *Defendants.* )

### MEMORANDUM IN OPPPOSITION TO DEFENDANT GUNNAR HOPSON'S MOTION TO DISMISS

The Plaintiff, Richmond Auto Auction of Virginia, Inc., by counsel and pursuant to Local Rule 7(f)(1), offers the following memorandum in opposition to the Motion to Dismiss of the Defendant, Gunnar Hopson.[1]

Hopson's Motion to Dismiss does not assert that any of the allegations of fact in the Amended Complaint are insufficient to state a claim for which relief can be granted. Instead, Hopson alleges that the Plaintiff breached a contract between Plaintiff and Hopson on March 22, 2022, six months before the contract breach alleged in the Amended Complaint. Based on the alleged prior breach, Hopson asks the Court to dismiss the Amended Complaint because "[a]t the time I resigned from Richmond Auto Auction/CarRac the contract we had wasn't enforceable because of this breach." (ECF No. 14). Plaintiff objects to Hopson's

---

[1] On May 18, 2023, Hopson filed the Motion to Dismiss for himself and on behalf of the other Defendant, Hopson Acres Family Management, LLC. (ECF No. 14). On May 19, 2023, the Court ordered that the Motion to Dismiss be construed only as a responsive pleading on behalf of Hopson in his *pro se* capacity. (ECF No. 15).

1

inclusion of allegations outside the Amended Complaint in his motion.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, however, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Halscott Megaro, P.A. v. McCollum*, 66 F.4th 151 (4th Cir. 2023); *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (motion to dismiss under Rule 12(b)(6) does not typically resolve applicability of defenses to well-pled claim). In the limited circumstance where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if the defense "clearly appears on the face of the complaint." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).

The allegations of a prior contractual breach raised in Hopson's Motion to Dismiss are new and extrinsic to the allegations in the Amended Complaint. Consequently, Hopson cannot properly rely on this prior breach affirmative defense to support his Motion to Dismiss the Amended Complaint. Moreover, the prior breach affirmative defense would only be available, if at all, to the Defendant, Hopson Acres Family Management, LLC, because is no claim in the Amended Complaint that Hopson breached a contract between himself and the Plaintiff. In addition, Hopson's allegations in the Motion to Dismiss do not address any of the claims Plaintiff asserts against Hopson individually, such as Count III, alleging that he breached fiduciary duties owed to the Plaintiff, or Count IV, alleging that he defamed the Plaintiff.

If Hopson intends that the Court consider his Motion to Dismiss as a motion for summary judgment, as under Rule 12(d), and the Court elects to treat the motion as one for summary judgment, then Plaintiff would respectfully request that the Court defer consideration of such a motion until after the close of discovery, as under Rule 56 (b), and direct Hopson to comply with the briefing requirements of Local Rule 56.

Otherwise, the Plaintiff, Richmond Auto Auction of Virginia, Inc., by counsel, respectfully requests that the Court deny Hopson's Motion to Dismiss because it improperly relies on an affirmative defense that is inapplicable to any claim made against Hopson in the Amended Complaint and because the Motion does not address the sufficiency of Counts I though IV to state a claim for which relief can be granted.

    RICHMOND AUTO AUCTION OF VIRGINIA, INC.

    By Counsel

    /s/ Blackwell N. Shelley, Jr.
    Blackwell N. Shelley, Jr. (VSB No. 28142)
    Shelley Cupp Schulte, P.C.
    3 W. Cary St.
    Richmond, Virginia 23220
    Tel: (804) 644-9700
    Fax: (804) 278-9634
    shelley@scs.law
    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the 26th day of May, 2023, I electronically filed the foregoing Memorandum in Opposition to Defendant Gunnar Hopson's Motion to

Dismiss with the Clerk of the Court using the CM/ECF system and, pursuant to Federal Rule of Civil Procedure 5 (b)(2)(c), mailed a copy by first-class U.S. Mail, postage prepaid, to the Defendants at the following address:

    Hopson Acres Family Management, LLC
    Gunnar Hopson
    124 Harrow Lane
    Point Pleasant Boro, NJ 08742

    /s/ Blackwell N. Shelley, Jr.
    Blackwell N. Shelley, Jr.
    (VSB No. 28142)
    Shelley Cupp Schulte, P.C.
    3 W. Cary Street
    Richmond, Virginia 23220
    Tel: (804) 644-9700
    Fax: (804) 278-9634
    shelley@scs.law